GARRISON, Judge.
This tort action arises from an incident on December 28, 1983 in which the plaintiff, Paul Piazza, slipped and fell in a puddle of water while leaving the Fairgrounds in New Orleans. Piazza filed suit against the Fairgrounds Corporation for injuries sustained in this accident, alleging that the sole and proximate cause of this accident was negligence on the part of the Fairgrounds. After trial on the merits, judg- *910 merit was rendered in favor of the plaintiff and against the defendant in the amount of $7,213.80 together with legal interest thereon from date of judicial demand and all costs. Additionally, the defendant was ordered to pay a $300.00 expert fee to Dr. David Aiken who testified on plaintiff’s behalf. The $7,213.80 award in favor of the plaintiff included $713.80 in medical expenses, $2,000.00 in lost wages and $4,500.00 for pain and suffering. Plaintiff now appeals this judgment arguing that the trial judge abused his discretion by awarding inadequate damages to him.
In his first specification of error, plaintiff argues that the trial judge erred in failing to award plaintiff all of the medical expenses which he claims were incurred due to injuries resulting from the accident in question. Shortly after his fall, the plaintiff was diagnosed as having suffered low back strain and sprains of his right wrist and hand. Although plaintiff submitted to the court medical bills totalling $4,104.00, he was awarded only $713.80.
After hearing testimony of three doctors who treated plaintiff after this fall, the judge concluded that the plaintiff’s injuries from this accident in December, 1983 were essentially resolved by the end of March, 1984. The award of $713.80 included medical bills incurred by the plaintiff for treatment during this period. The balance of his claimed special damages include expenses incurred for treatment sought subsequent to March, 1984.
The trial judge, in his reasons for judgment, noted that plaintiff has a pre-ex-isting condition of nerve degeneration called neuropathy and has previously undergone surgery for his back and neck due to injuries sustained in an automobile accident which occurred three years prior to this fall. The trial judge concluded that plaintiff’s pre-existing neuropathy condition was not worsened or aggravated by the accident in question.
A review of the record in this case supports the trial judge’s above-stated conclusions. The plaintiff failed to establish a causal connection between his pre-existing conditions and the injuries from this fall. Therefore, the trial judge was not manifestly erroneous in awarding only $713.80 of the requested $4,104.00 in special damages.
Plaintiff also argues that the trial judge erred in awarding only $2,000.00 in lost income. The record shows that in 1983, plaintiff, a cab driver, did not earn enough income to report on his 1983 tax return. This was due to the fact that plaintiff had only worked for the last four months of 1983 because, until that time, he was still recovering from surgeries necessitated by injuries suffered in the 1980 automobile accident. It is noted that under cross-examination, it was brought out that at plaintiff’s deposition, he stated that his 1983 income was approximately $10,000.00.
The award of $2,000.00 in lost income to plaintiff involved a credibility determination by the trial judge. This determination was a proper exercise of the trial judge’s discretion. Both, this award for lost income and the award of $4,500.00 in general damages were very generous in light of the evidence presented at trial.
Therefore, because we find that the amount awarded to the plaintiff by the trial judge was not manifestly erroneous, we affirm the trial court’s decision.
AFFIRMED.